United States District Court
Southern District of Texas
FILED

MAY 28 2024

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas

**ENTERED**
May 28, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | |
|---|---|
| WILLIAM JOSEPH SULLIVAN, § § | |
| Petitioner, § § | |
| VS. § § | CIVIL ACTION NO. 7:24-CV-0126 |
| TRACY BELTZ, WARDEN, *et al.,* § § | |
| Respondents. § | |

## REPORT AND RECOMMENDATION

Petitioner WILLIAM JOSEPH SULLIVAN, proceeding pro se, has submitted a form *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (the "Petition") (Dkt. No. 2).[1] Petitioner is currently serving a prison sentence in Minnesota on two counts of first-degree criminal sexual conduct. *Sullivan v. Beltz,* 2023 WL 6058889, at *1 (D. Minn. Sept. 18, 2023). Seeking federal habeas review, Petitioner raises several claims for relief from his conviction and sentence, including claims based on the inability of the defense to examine or cross-examine witnesses. (Dkt. No. 2 at 5, 7). Petitioner also raises a claim of actual innocence based on what he deems to be newly discovered evidence—an ostensible letter from 2014 and video from 2023 whereby Petitioner's accuser professes Petitioner's innocence. (*Id.* at 8).

Presenting jurisdictional concerns, however, are the circumstances that Petitioner is incarcerated and was convicted and sentenced outside this judicial district, as well as the fact that Petitioner has previously sought habeas corpus relief.

---

[1] Petitioner currently has a purported civil rights action, *Sullivan v. Beltz, et al.,* Civil Action No. 7:24-CV-0125, before this court. Any orders issued and requirements imposed in this case are separate from those in the other action and must be addressed by Petitioner accordingly.

This case was referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). After review of the record and the relevant law, the Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice for the lack of jurisdiction. The Magistrate Judge also RECOMMENDS that a certificate of appealability be denied.

## I. BACKGROUND

In October 2016, Petitioner was convicted upon a jury trial by a Minnesota state court and sentenced to 180 months of imprisonment. *Sullivan*, 2023 WL 6058889, at *1.

In January 2023, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 before the United States District Court for the District of Minnesota. *Id.* Through that petition, Petitioner sought relief from his conviction and sentence based on the same claims raised here.[2] *See id.* The district court denied the petition, dismissing all of Petitioner's claims on procedural grounds. *Id.* at *2-3. The claims concerning the cross-examination of witnesses were dismissed as untimely or time-barred, while the claims involving newly discovered evidence were dismissed as procedurally defaulted and unexhausted. *Id.*

Petitioner appealed to the United States Court of Appeal for the Eight Circuit, but in December 2023, the Eighth Circuit dismissed the appeal upon denying Petitioner a certificate of appealability. *Sullivan v. Beltz*, 2023 WL 10450665 (8th Cir. Dec. 5, 2023).

In March 2024, Petitioner filed the instant Petition. (Dkt. No. 2). Petitioner seems to admit that he previously raised his grounds for relief before the District of Minnesota. (*See id.* at 5-9). As to why he is seeking further relief before this court, Petitioner represents that he is a "resident" of and "landowner" in McAllen, Texas, and that "[t]he Minnesota state and federal courts are hell bent on not seek[ing] the truth in the actual facts of [his] case[.]" (*Id.* at 14).

---

[2] Petitioner also previously raised a claim concerning defense counsel's failure to convey to him the terms of a plea offer. *Sullivan*, 2023 WL 6058889, at *1.

## II. LEGAL STANDARDS

Turning to the matter of jurisdiction, § 2241(d) provides that—

—[w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). In other words, a petition for habeas relief must be filed before a district court in a judicial district where the petitioner either is incarcerated or was convicted. The Fifth Circuit has specifically recognized that this requirement is jurisdictional in nature. *See Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004).

While the language of § 2241(d) does contemplate the transfer of venue, some courts hold that a transfer is permissible only from one court with jurisdiction to another with jurisdiction, such that a petition filed before a district court without proper jurisdiction is subject to summary dismissal. *Kossie v. Texas Dep't of Crim. Just.*, 2021 WL 3616061, at *1 (E.D. La. July 6, 2021), *report and recommendation adopted as modified*, 2021 WL 3566438 (E.D. La. Aug. 11, 2021).

Other courts hold that a petition filed before a district without proper jurisdiction is nonetheless subject to transfer pursuant to 28 U.S.C. § 1631. *See, e.g., Sarker v. Collier*, 2019 WL 2442126, at *1 (N.D. Tex. June 11, 2019) (citing *Carmona*, 357 F.3d at 539). Section 1631 generally grants a district court lacking jurisdiction over an action, in the exercise of its discretion and in the interest of justice, to transfer the action to another district court in which the action could have been brought. 28 U.S.C. § 1631.

3 / 7

Raising separate jurisdictional concerns is the proscription against second or successive habeas petitions imposed by 28 U.S.C. § 2244(b). A second or successive petition means one that either "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition" or "otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). A second or successive petition must be summarily dismissed unless it is based on: a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or a factual predicate that could not have been discovered previously through the exercise of due diligence. 28 U.S.C. § 2244(b)(2). Before filing a second or successive petition, a petitioner must seek leave to do so from the appropriate court of appeals. *Id.* § 2244(b)(3)(A). The failure to obtain such authorization deprives the district court of jurisdiction to consider a habeas application. *Leal Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009).

One option in dealing with an unauthorized second or successive petition is an interest-of-justice transfer under § 1631 to the appropriate court of appeals. *See Dudley v. Davis*, 2018 WL 11236234, at *1 (S.D. Tex. Apr. 30, 2018).

Some courts, like the Tenth Circuit, prescribe the consideration of several factors to determine whether it is in the interest of justice to transfer a second or successive petition, including whether: (i) the claims would be time-barred if re-filed in the proper forum; (ii) the claims are likely of merit; (iii) the statutory requirements of § 2244(b)(2) have been met; and (iv) the claims were filed in good faith or if, on the other hand, it was clear that the court lacked jurisdiction. *Penrod v. Jones*, 2012 WL 415437, at *2 (D. Colo. Feb. 9, 2012) (citing *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam)).

The Fifth Circuit does not appear to have articulated similar interest-of-justice factors within the instant context. That said, the lower courts tend to favor transfer over dismissal where

4 / 7

the petitioner does not have a history of filing successive petitions. *See Barrientos v. Director TDCJ-CID*, 2021 WL 4583097, at *1 n.1 (N.D. Tex. Oct. 6, 2021). On the other hand, a petition may be dismissed in lieu of transfer where the petitioner files in an improper district as part of an attempt to avoid the procedural hurdles associated with the filing of second or successive petitions. *See Cano v. Dir., TDCJ-CID*, 2023 WL 5826872, at *2 (N.D. Tex. Aug. 4, 2023), *report and recommendation adopted*, 2023 WL 5826974 (N.D. Tex. Sept. 7, 2023); *see also Warner v. Rivers*, 2022 WL 2195216, at *3 (N.D. Tex. May 31, 2022), *report and recommendation adopted*, 2022 WL 2193113 (N.D. Tex. June 17, 2022), *certificate of appealability denied*, 2023 WL 4311618 (5th Cir. Jan. 30, 2023).

## III. ANALYSIS

The Southern District of Texas does not have jurisdiction over the Petition. Petitioner is incarcerated in and was convicted and sentenced in Minnesota—circumstances which support jurisdiction before the District of Minnesota. To the extent that the Petition is second or successive, however, Petitioner would be required to seek leave from the Eighth Circuit to file for further habeas relief. Insufficient for purposes of supporting jurisdiction before this court is the circumstance that Petitioner may have resided or owned land in the McAllen area at one time or another. Also insufficient is Petitioner's mere belief that the District of Minnesota or the Eighth Circuit may be uninterested in properly adjudicating his case.

Having determined that this court is without jurisdiction to consider the Petition, the question becomes whether the interest of justice supports a transfer to another court of proper jurisdiction. The Magistrate Judge concludes that the circumstances do not support such a transfer. To begin, Petitioner's prior claims for relief were dismissed as time-barred or on other procedural grounds, and Petitioner offers nothing to question those rulings. Nor has Petitioner met the

requirements to submit a second or successive petition for habeas relief. The "new" evidence or factual predicates on which Petitioner relies now are the same raised through his prior petition. Moreover, considering the lack of any jurisdictional hook to the Southern District of Texas, the Petition does not appear to have been filed in good faith.

Indeed, the various procedural and jurisdictional defects associated with the filing of the Petition support the conclusion that the Petition should be dismissed without prejudice to allow re-filing before a court of proper jurisdiction. *See Cano*, 2023 WL 5826872, at \*2; *see also Warner*, 2022 WL 2195216, at \*3.

## IV. CONCLUSION

For these reasons, the Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice for the lack of jurisdiction.

### *Certificate of Appealability*

The Magistrate Judge must also address the matter of the issuance of a certificate of appealability ("COA"). A petitioner may not appeal the final order of a habeas corpus proceeding "[u]nless a circuit justice or judge issues a [COA.]" 28 U.S.C. § 2253(c)(1). Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts instructs that the District Court "must issue or deny a [COA] when it enters a final order adverse to the applicant." A petitioner is entitled to a COA when they show that a reasonable jurist would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); 28 U.S.C. § 2253(c). Having concluded that Petitioner fails to meet this threshold, the Magistrate Judge RECOMMENDS that a COA be denied.

### *Objections*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this document to Petitioner by any receipted means.

DONE at McAllen, Texas, this 28th day of May 2024.

J. SCOTT HACKER
United States Magistrate Judge